UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RITE-HITE CORPORATION, ARBON
EQUIPMENT CORPORATION, and RITE-
HITE AFTERMARKET CORPORATION,

    Plaintiffs,

    v.                                    Case No. 06–C–1187

DELTA T CORPORATION d/b/a BIG ASS
FANS and MECHANIZATION SYSTEMS
COMPANY, INC.,

    Defendants.

**ORDER DENYING DEFENDANT DELTA T'S MOTION TO RECONSIDER OR, ALTERNATIVELY, TO CERTIFY ORDER FOR APPEAL**

On March 7, 2007, this court issued a decision and order denying the defendants' motion to dismiss the action for lack of subject matter jurisdiction. Thereafter, on March 21, 2007, defendant Delta T filed a motion requesting that the court reconsider its ruling or, alternatively, amend its order by certifying such order for immediate interlocutory appeal to the Federal Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b). The parties filed briefs setting forth their respective positions on the issues raised by Delta T's motion. In addition, on April 24, 2007, the court heard oral argument on Delta T's motion.

Having reviewed the parties' written submissions (as well as the cases cited therein) and having given due consideration to the oral arguments presented by the parties, it is my opinion that this court's ruling as set forth in its decision and order of March 7, 2007 was, and is, correct. Such being the case, Delta T's motion to reconsider will be denied.

Furthermore, I am not persuaded that my ruling of March 7, 2007 is of such a nature that a section 1292(b) certification is warranted. Simply stated, since my decision of March 7, 2007, the Federal Circuit has explicitly recognized that "[t]he Supreme Court's opinion in *MedImmune* represents a rejection of [its] reasonable apprehension of suit test." *Sandisk Corp. v. Stmicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007). Instead, the test to be applied in determining whether declaratory judgment jurisdiction is extant in a particular case, i.e., whether there is an Article III case or controversy that gives rise to declaratory judgment jurisdiction, depends upon whether "'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Sandisk*, 480 F.3d at 1378 (quoting *MedImmune, Inc. v. Genentech, Inc.*,--- U.S. —, 127 S.Ct. 764, 771, 166 L.Ed.2d 604 (2007)).

It was that very test which this court employed in finding the alleged facts in this case to support declaratory judgment jurisdiction. In other words, the decision of this court was predicated on the application of the correct legal standard to the alleged facts. Such being the case, the court's order does not involve a controlling question of law as to which, now that both the Supreme Court and the Federal Circuit have spoken, there is substantial ground for difference of opinion.

**NOW THEREFORE IT IS ORDERED** that defendant Delta T's motion to reconsider or, alternatively, to certify this court's order for appeal be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that on May 29, 2007, at 9:00 a.m., a Rule 16 scheduling conference will be conducted in Room 253 of the United States Court House, 517 E. Wisconsin Ave., Milwaukee, Wisconsin, to discuss with the parties the steps necessary to further process this case.

Each party shall follow the procedures set forth in Rule 26 of the Federal Rules of Civil Procedure. In order to assist the court in conducting the Rule 16 conference, your Rule 26(f) report, which is to be filed with the court no later than May 22, 2007, should contain the following additional information:

1. A brief description of the nature of the case, including a statement regarding the basis of subject matter jurisdiction.

2. Whether the parties contemplate amending the pleadings by joining parties or for other reasons.

3. Any motions which are contemplated at this time.

4. The estimated length of trial and whether a jury is requested.

5. Such other matters as may affect the scheduling of this case for final disposition.

Since this case has been designated for electronic filing, documents must be submitted in Portable Document Format (PDF) and shall be filed electronically using the Court's internet-based Electronic Case Files (ECF) system. Registered users may file documents directly into ECF. Please see the Court's web site at wied.uscourts.gov for more information on electronic case filing.

If you are located more than 50 miles from the courthouse, and wish to participate telephonically, please contact Rita Zvers at 414-297-3128 at least one week prior to the scheduling conference with a telephone number where you can be reached at the above scheduled time. The court will initiate the call.

**SO ORDERED** this 3rd day of May 2007, at Milwaukee, Wisconsin.

3

                <u>/s/ William E. Callahan, Jr.</u>
                WILLIAM E. CALLAHAN, JR.
                United States Magistrate Judge